J-S51004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY DIAZ | |
| Appellant | No. 554 EDA 2014 |

Appeal from the PCRA Order January 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1204571-1996

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:        **FILED SEPTEMBER 15, 2015**

Appellant, Tony Diaz, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 28, 1999, a jury convicted Appellant of four counts each of second-degree murder and aggravated assault, and one count each of arson and criminal conspiracy. The court sentenced Appellant on June 30, 1999, to consecutive terms of life imprisonment for the murder convictions, and concurrent terms of 10-20 years' imprisonment for the remaining offenses. This Court affirmed Appellant's judgment of sentence on July 30, 2003, and our Supreme Court denied allowance of appeal on April 28, 2004.

_____

*Retired Senior Judge assigned to the Superior Court.

*See Commonwealth v. Diaz*, 832 A.2d 535 (Pa.Super. 2003), *appeal denied*, 578 Pa. 684, 849 A.2d 241 (2004).

On April 12, 2010, Appellant filed the current, serial PCRA petition (his third). Counsel filed an amended PCRA petition on August 9, 2010. On January 30, 2012, counsel submitted a request to withdraw, which the court granted on February 2, 2012. Following appropriate notice per Pa.R.Crim.P. 907, Appellant filed a *pro se* response on February 17, 2012. The court appointed replacement counsel for Appellant on March 23, 2012, who filed a "no-merit" letter and request to withdraw on November 21, 2013.[1] On January 17, 2014, the court granted replacement counsel's request to withdraw and dismissed Appellant's serial PCRA petition. Appellant timely filed a *pro se* notice of appeal on February 10, 2014. On November 14, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant did not comply with the court's directive.

Preliminarily, we observe: "[T]o preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005)

---

[1] Appellant claims he filed a *pro se* amended PCRA petition on January 10, 2014. No such petition appears in the certified record.

(quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Instantly, on November 14, 2014, the PCRA court ordered Appellant to file a Rule 1925(b) statement. Appellant failed to comply with the court's order. Therefore, Appellant waived all issues on appeal.[2] **See Castillo, supra**; **Lord, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015

---

[2] The record belies Appellant's assertion that he filed a Rule 1925(b) statement on November 24, 2014.